IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

Little Tykes Learning Academy,
Dorothy Avant, Kimberly Avant,
Brian Avant and Bobby Avant,
in their official and personal capacity,

    Plaintiffs,

v.                                          Civil Action Case No. 05-2597

Insouth Bank, Insouth Bank Inc.,
Larry Murff, Agent of Insouth Bank;
Edward Bell, Vice President of Insouth Bank;
T. Kevin Bruce, Bruce, Norris & Bass, PLLC;
Geoffrey Hirsch and Krivcher Magids, PLLC,

    Defendants.

## MEMORANDUM OF FACTS AND LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS HIRSCH AND KRIVCHER MAGIDS, PLLC

The defendants Geoffrey Hirsch and Krivcher Magids, PLLC, file this Memorandum of Facts and Law in support of their Motion for Summary Judgment, and state as follows:

**UNDISPUTED FACTS**

1.    The Plaintiff Little Tykes Learning Academy, Inc. ("Little Tykes") was formed by the Plaintiffs Dorothy Avant and Kimberly Avant for the purpose of operating a day care center, which they (Dorothy Avant and Kimberly Avant) would manage and control. (Exhibit I - Deposition of Kimberly Avant at pg. 14, line 19 to pg. 15, line 8)

2.      Plaintiffs entered into a contract with Cary Califf, Trustee for Waymon H. Welch, Jr., to purchase the parcel of land where Little Tykes was to be located in January of 2001. The contract to purchase the land was amended on February 12, 2001. (Exhibit II – Deposition of Kimberly Avant at pg. 23, line 3 to 12; pg. 25 line 5 to 20; Exhibits to Deposition of Kimberly Avant 4 and 4-A).

3.      The Plaintiff Little Tykes applied to Insouth Bank ("Insouth") for a loan, to be personally guaranteed by the Plaintiffs Dorothy Avant, Bobby Avant, Kimberly Avant, and Brian Avant. (Exhibit III – Affidavit of Geoffrey Hirsch ¶¶ 3-5)

4.      Geoffrey Hirsch, a lawyer, and his firm Krivcher Magids, PLLC, first became involved with the loan transaction between the Plaintiffs and InSouth Bank on March 5, 2001, when Insouth requested Krivcher Magids, PLLC to represent Insouth in the loan closing. (Exhibit III - Hirsch Affidavit ¶ 3)

5.      Hirsch in representing InSouth drafted the loan closing documents and handled the loan closing consistent with the closing instructions and the terms of the loan that were provided to him by InSouth. (Exhibit III - Hirsch Affidavit ¶ 4)

6.      The Plaintiffs were represented by Kevin Bruce, a lawyer with Bruce Norris & Bass, PLLC, in connection with the loan closing. (Exhibit III - Hirsch Affidavit ¶ 5)

7.      Prior to the loan closing, Hirsch provided the Plaintiffs' lawyer, Kevin Bruce, with the Loan Closing Checklist and the loan documents drafted by Hirsch for his review, comment and input. (Exhibit III - Hirsch Affidavit ¶ 6)

8.      The Plaintiffs' lawyer, Kevin Bruce, attended and represented the Plaintiffs at the loan closing on June 29, 2001, at which time the Plaintiffs executed the loan closing documents. (Exhibit III - Hirsch Affidavit ¶ 7)

9.      Krivcher Magids, PLLC and Hirsch have never participated in any scheme to defraud the Plaintiffs or anyone else.  (Exhibit III - Hirsch Affidavit ¶ 8)

10.     Krivcher Magids, PLLC and Hirsch have never conspired with, entered into, or participated in any secret agreement, scheme or alliance with anyone, including but not limited to Larry Murff, Edward Bell, Carey Califf, InSouth Bank, Kevin Bruce, Bruce Norris & Bass, the United States Small Business Administration ("SBA"), or anyone else to defraud anyone including the Plaintiffs.  (Exhibit III - Hirsch Affidavit ¶ 9)

11.     Krivcher Magids, PLLC and Hirsch have never participated in any racketeering activity, mail fraud or wire fraud, or the collection of an unlawful debt; they have never been associated with any racketeering enterprises; they have never acted in concert with anyone engaged in a pattern of racketeering activity; and they have never been involved in an association in fact that was involved in any racketeering activities.  (Exhibit III - Hirsch Affidavit ¶ 10)

12.     Krivcher Magids, PLLC and Hirsch have never made a false claim against, or acted to defraud the SBA.  (Exhibit III - Hirsch Affidavit ¶ 11)

13.     The Plaintiffs have no evidence or factual basis to support their alleged claims. (Exhibit IV - Deposition of Kimberly Avant, individually and as Rule 30(b)(6) corporate respresentative, pg. 112, line 8 to pg. 115, line 13; pg. 249, line 3 to pg. 251, line 13); (Exhibit V - Deposition of Dorothy Avant, pg. 143, line 7 to 146, line 17; pg. 160, line 7 to pg. 161, line 23); and (Exhibit VI - Deposition of Bobby Avant, pg. 13, line 7 to pg. 14, line 14)

14.     The Plaintiffs did not file their Complaint, which commenced the action now before the Court, until August 17, 2005.  (Exhibit VII – Complaint)

15. The Plaintiffs filed their Amended Complaint on August 31, 2006, again alleging claims against these defendants under RICO (Counts I, II, and II of the Amended Complaint); the False Claims Act (Count IV of the Amended Complaint), and conspiracy (Count VII of the Amended Complaint). [Count V of the Amended Complaint (alleging the Bank Holding Act) and both Count VI's (alleging state law claims of breach of fiduciary duty and breach of contract injury to third party beneficiaries) are not directed against the defendants Hirsch and Krivcher Magids, PLLC.]  (Exhibit VIII - Amended Complaint).

16. The Plaintiffs' Complaint and Amended Complaint assert that the alleged racketeering acts which were committed in furtherance of the alleged scheme to defraud occurred before August 17, 2001.  (Exhibit VII – Complaint ¶¶ 22, 32, 59); (Exhibit VIII - Amended Complaint ¶¶ 20, 32, 59).

17. Insouth Bank sent the Plaintiffs a letter dated May 30, 2001, which included a closing checklist identifying the $165,000.00 grant and evidence of the grant from the State of Tennessee.  Kimberly Avant admitted she received this letter.  (Exhibit IX, Deposition of Kimberly Avant at pg. 78, line 7 to line 23; Exhibit 16 to deposition)

18. These defendants also rely upon the Undisputed Facts set forth in the Memorandum in Support of the Motion for Summary Judgment of the Defendants, Insouth Bank, Larry Murff and Edward Bell.

## **LAW**

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is "an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'"

Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56 mandates entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims. Id. at 323-24.

### II. DEFENDANTS HIRSCH AND KRIVCHER MAGIDS, PLLC, ARE ENTITLED TO A SUMMARY JUDGMENT AS A MATTER OF LAW, THERE BEING NO GENUINE ISSUE AS TO ANY MATERIAL FACT.

As established by Hirsch's Affidavit, he and Krivcher Magids, PLLC, have never participated in any scheme to defraud the plaintiffs or anyone else; have never conspired with, entered into, or participated in any secret agreement, scheme or alliance to defraud; have never participated in any racketeering activity, mail fraud or wire fraud or the collection of an unlawful debt, have never been associated with any racketeering enterprise or acted in concert or with anyone else engaged in any pattern of racketeering activity; have never been involved in an association in fact that was involved in any racketeering activities, and have never made a false claim against, or acted to defraud or misrepresent the SBA. (Exhibit III – Hirsch Affidavit at ¶ ¶ 8, 9, 10, 11).

In addition, the plaintiffs in their depositions admitted that they have no evidence and know of no factual basis to support their alleged claims, as follows:

5

1.Plaintiff Kimberly Avant, in her capacity as the Rule 30(b)(6) corporate representative of Little Tykes and in her capacity as an individual plaintiff, testified that she has no factual basis and no knowledge of any fact, either personally or as corporate representative, that the Insouth Bank got together with Krivcher Magids, PLLC, or any lawyer to conspire or had a secret agreement to take advantage of Plaintiffs; she has not seen any document that indicates a conspiracy and she does not know of anybody who has knowledge of a conspiracy; and she acknowledges that Mr. Hirsch was doing his job as a lawyer for Insouth by including in the closing documents the provision related to a grant and he was not doing something illegal or making a conspiracy. (Exhibit IV)

2.Plaintiff Dorothy Avant testified in her deposition that she has not seen one document that indicates that there was any secret deal; she knows of no eyewitnesses or persons who saw or heard Mr. Hirsch make some sort of deal; she has no proof, no evidence, no witness, no document, no conversation, and no fact that there was any secret agreement among the defendants to take money secretly; and she can not testify as to any damages that resulted from the loan not being secured by the SBA. (Exhibit V)

3.Plaintiff Bobby Avant testified that he does not know of anybody who knows personally or has told him that they know of any scheme to defraud by Hirsch; he does not know of any document or tangible evidence that would show such a scheme; and he has no evidence or knowledge of any witness regarding any alleged conspiracy or criminal enterprise. (Exhibit VI)

The Affidavit of Geoffrey Hirsch establishes that he and Krivcher Magids, PLC, have never participated in any scheme, conspiracy, racketeering or fraudulent activity, and have never made any false claims. The testimony of the Plaintiffs establishes that

they have no evidence to support their allegations against Hirsch and Krivcher Magids, PLC. Therefore, the defendants, Geoffrey M. Hirsch and Krivcher Magids, PLLC, are entitled to summary judgment in their favor as a matter of law. Celotex, 477 U.S. at 322; Fed. R. Civ. P. 56.

### III.   STATUTE OF LIMIITATION

The alleged RICO claims (Counts I, II, and III of the Amended Complaint) are barred by the statute of limitation. The United States Supreme Court in Agency Holding Corp. v. Malley-Duff & Assoc., Inc., 483 U.S. 143, 156 (1987), held that the statute of limitation for bringing an action under RICO is four (4) years from the accrual of the action. A civil RICO cause of action begins to accrue as soon as a plaintiff discovers, or reasonably should have discovered, both the existence and the source of an injury and that the injury was part of a pattern. Agristor Financial Corp. v. Van Sickle, 967 F.2d 233, 241 (6th Cir. 1992). Actual or constructive knowledge of *at least two of the alleged fraudulent acts committed against a party*, with the actual or constructive knowledge that the acts are part of a scheme to defraud, commences the statute of limitation on a RICO claim. See In re Highway Equipment Co., 135 B.R. 186, 200 (Bankr.S.D.Ohio 1993) (Emphasis added).

In order for the Plaintiffs to have timely filed their RICO claims, they must have filed their complaint before August 17, 2005 because they knew of the alleged racketeering acts before August 17, 2001. Because the Plaintiffs knew of their alleged RICO action **prior to** August 17, 2001, the Plaintiffs did not timely commence this action. Therefore, this action is barred by the four-year statute of limitation.

The Plaintiffs alleged in their Complaint and Amended Complaint that the basis for the alleged RICO claims is that the loan required the Plaintiffs to make an equity infusion and/or grant of $165,000.00. The Plaintiffs' Complaint and Amended Complaint assert the alleged racketeering acts which were committed in furtherance of the alleged scheme to defraud occurred before August 17, 2001. (Exhibit VII - Complaint at ¶¶ 22, 32, 59; (Exhibit VIII – Amended Complaint at ¶¶ 20, 32, 59)

As the factual basis of the claims, Paragraph 20 of the Amended Complaint states that in April of 2001, Plaintiff received a letter from the counsel for the bank, Geoffrey Hirsch, in which he requested evidence of receipt of a grant from the State of Tennessee. Paragraph 32 states that prior to the closing, Bruce failed to explain all relevant documentation to Plaintiffs and just instructed them to sign. (Exhibit VIII – Amended Complaint ¶¶ 20 and 32). Kimberly Avant in her deposition testimony stated that she received a letter from Insouth Bank on May 30, 2001, which included a closing checklist identifying the $165,000.00 grant and evidence of the grant from the State of Tennessee. (Exhibit IX)

Based upon the factual allegations contained in Paragraphs 20 and 32, the Plaintiffs in the Amended Complaint allege the predicate acts of racketeering activity of the Defendants. (Exhibit VIII – Amended Complaint ¶ 59 (A-D)). At least four of the alleged predicate acts of racketeering activity occurred before August 17, 2001. Specifically, subsection A of paragraph 59 of the Amended Complaint states that Insouth Bank, through Murff and Hirsch, defrauded the Plaintiff into entering into a contractual arrangement, deed of trust of property based upon a 7A Guaranteed SBA loan for which they were not eligible as a non-profit entity. (Exhibit VIII- Amended Complaint ¶

8

59(A)).  In subsection B of paragraph 59, the Plaintiffs allege that Insouth Bank through Murff and Hirsch, devised a scheme which activated the alleged default by requiring evidence of an application and receipt of grant of $165,000.00.  (Exhibit VIII- Amended Complaint ¶ 59(B)).  In subsection C of paragraph 59, the Plaintiffs allege that they were fraudulently deceived into believing the requirement of the grant of $165,000.00 was not required while continuously referencing the same in their documents.  (Exhibit VII- Amended Complaint ¶ 59(C)).  In subsection D of paragraph 59, the Plaintiffs allege that Insouth Bank, through Murff and Hirsch, acted deliberately by failing to obtain an appraisal of the property prior to disbursement of the funds.  (Exhibit VIII- Amended Complaint ¶ 59(D)).  Further, all the documents that support the Plaintiffs allegations of racketeering activity are dated or were provided to the Plaintiffs prior to August 17, 2001.

Based on both a subjective and an objective analysis of knowledge as explained by the court in In re Highway Equipment, the Plaintiffs allegations of RICO violations are time-barred because their pending Complaint was not filed until August 17, 2005, which is more than four years after the alleged cause of action accrued.  The Planitffs' allegations in the Complaint and Amended Complaint show that they were aware of the alleged bases for their claims prior to August 17, 2001.  Therefore, the four-year statute of limitation expired.

## CONCLUSION

There is no genuine issue as to any material fact, the Plaintiffs have no evidence to support their alleged claims, and the alleged RICO claims are barred by the statute of

limitation. Therefore, the defendants Geoffrey Hirsch and Krivcher Magids, PLLC, are entitled to a summary judgment in their favor as a matter of law.

                                HARRIS SHELTON HANOVER WALSH, PLLC

BY:    s/ James L. Kirby
         s/ Timothy D. Patterson
         James L. Kirby       #4708
         Timothy D. Patterson   #22225

2700 One Commerce Square
Memphis, Tennessee 38103-2555
Telephone:  (901) 525-1455
Facsimile:  (901) 526-4084
Email:  jkirby@harrisshelton.com
        tpatterson@harrisshelton.com

*Attorneys for Defendants Geoffrey Hirsch and Krivcher Magids, PLLC*

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. A true and correct copy of the foregoing document has been served via the Court's CM/ECF system or United States Mail, first class, postage prepaid, upon: Ms. Wanda Abioto, Attorney at Law, 1555 Madison Avenue, Memphis, Tennessee 38103; Mr. Keith C. Dennen, Attorney At Law, 511 Union Street, Suite 1600, Nashville, Tennessee 37219; Mr. Charles Robert Bone, Attorney At Law, 511 Union Street, Suite 1600, Nashville, Tennessee 37219; and Mr. J. Houston Gordon, Attorney at Law, P.O. Box 846, Covington, Tennessee 38019-0846, on this the this 30th day of March, 2007.

                                                        s/ Timothy D. Paterson
                                                         Timothy D. Patterson